IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL FRANKLIN,  )
 )
Plaintiff,  )
 ) Civil Action No. 08 - 753
v.  ) Judge Arthur J. Schwab
 ) Magistrate Judge Lisa Pupo Lenihan
WARDEN JOHN WALTON; CO. I. BRIAN  )
MATINSKY; CO. I. RICHARD DAVANZO;  )
CO. I. ARTHUR J. BLASCO; CO. I.  )
STEVEN M. GREENAWALT; CO. I.  )
DAVID SIMS; CO. I. WILLIAM MCKAY;  )
LIEUTENANT JOHN J. HOSTOFFER,  )
 )
Defendants.  )

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that this action be dismissed for failure to prosecute due to plaintiff's failure to move forward with this action and for failing to comply with an order to show cause why this case should not be dismissed.

## II. REPORT

This is a prisoner's civil rights action in which Michael Franklin, proceeding *pro se* and *in forma pauperis*, alleges that his Eighth Amendment Rights were violated when he was assaulted at the Westmoreland County Prison.

The complaint in this case was received by the court on June 2, 2008, accompanied by a motion to proceed *in forma pauperis*, which was granted. A motion to dismiss was filed, to

which no response was made by Plaintiff. On October 23, 2008 the undersigned denied that motion and ordered Plaintiff to file an amended complaint no later than December 5, 2008. Plaintiff was subsequently given an extension of time to file his amended complaint to March 12, 2009. Nothing has been filed by plaintiff of record in this matter since the court's order of February 12, 2009. On March 16, 2009 Defendants filed a motion to dismiss the case for failure to prosecute. On April 9, 2009, the undersigned entered an order requiring Franklin to show cause why his case should not be dismissed for failure to prosecute, and he was directed to respond by April 20, 2009 (Doc. No. 23). No response has been filed to date.

A district court has the inherent power to dismiss a complaint under Rule 41(b) for a plaintiff's failure to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court set forth six factors to be weighed in considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper.

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id., at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors listed above follows.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the order directing him to file a response to the motion to dismiss, or the order directing him to show cause why his case should not be dismissed. The responsibility for his failure to respond to the orders in question is plaintiff's alone.

(2) Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, defendants have not yet been required to respond to the complaint and, accordingly, have not suffered specific prejudice other than that caused by general delay.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward since he sent in his initial complaint and motion to proceed *in forma pauperis*, and has ignored this court's orders of February 12, 2009 and April 9, 2009. This is sufficient evidence, in the court's view, to indicate that plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that plaintiff's failure was the result of any "excusable neglect", Poulis, supra. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and *in forma pauperis*. Thus, any sanction imposing costs or fees upon plaintiff would be ineffective as a sanction.

(6) Meritoriousness of the defense.

Plaintiff has never filed the amended complaint ordered by the court. Therefore, no responsive pleading has been filed by the defense.

At minimum, four of the six Poulis factors weigh heavily in favor of dismissal. Although this is an extreme sanction, I am at a loss as to any other course of action to be taken in this case. Accordingly, it is respectfully recommended that this action be dismissed for plaintiff's failure to prosecute it.

In accordance with the Magistrate Judges Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

LISA PUPO LENIHAN
UNITED STATES MAGISTRATE JUDGE

Dated: April 27, 2009

cc:

**MICHAEL FRANKLIN**
11523 Frankstown Road
Pittsburgh, PA 15235